**COONS, Plaintiff-Appellee, v. NEEDLES et,
Defendants-Appellants.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1050.   Decided November 29, 1951.

Henry Greenberger and James S. Kimble, Steubenville, plaintiff-appellee.

W. M. Downer, Steubenville, for defendants-appellants.

## OPINION

By PHILLIPS, J.

Defendants, husband and wife, appealed to this court on questions of law from a judgment of the court of common pleas entered upon an order of that court granting plaintiff a new trial in her action filed therein against defendants to recover

damages for personal injuries sustained on their premises, allegedly as the result of their carelessness and negligence. By their sole assigned ground of error defendants contend that the trial judge abused his discretion in granting plaintiff's motion.

An order sustaining a motion for a new trial is not a judgment or final order appealable or reviewable unless it clearly appears that the trial judge abused his discretion in granting such a motion. **Green v. Acacia Mutual Life Insurance Co., 156 Oh St 1.**

The first three grounds of plaintiff's motion related to rejected testimony offered on behalf of plaintiff, which subsequently the trial judge concluded had been rejected erroneously. In ruling upon those branches of plaintiff's motion the trial judge said: "The court did not permit him (Dr. Howard Brettell) to testify. The court is now satisfied that that ruling of the court was wrong, and that he should have been instructed to testify." However the court "does not believe that the exclusion of Doctor Brettell's testimony was prejudicial to the plaintiff in this case," and did not sustain plaintiff's motion for a new trial on the grounds of such errors.

The trial judge permitted as an exhibit in evidence on behalf of plaintiff a copy of a letter written to her by Dr. Harrington, her physician (who did not testify in her trial), approximately eight months after she was injured, in which such physician stated how he understood plaintiff was injured. In sustaining plaintiff's motion for a new trial on the fourth ground of her motion, which related to that exhibit, the trial judge said:—

"With reference to the second principal ground for a new trial, that is, that the court admitted plaintiff's Exhibit E in evidence after the plaintiff attempted to withdraw the exhibit and to exclude the same as evidence: The objectionable part of this exhibit on behalf of the plaintiff is contained in the first paragraph, which is as follows:

" 'Patient had been visiting Mrs. Needles at her residence and was leaving with her sister by the name of Broudy who was driving car. Her sister had gotten into the car and as Mrs. Coons approached the car she tripped on the sidewalk at the curb and fell flat on the ground.'

"Plaintiff claims that by the admission of this exhibit the jury could draw a conclusion contrary to the plaintiff's theory of negligence in this case and that it was prejudicial to the plaintiff.

"Some controversy arose over the offering of this exhibit.

It is recalled by the court that near the close of the day, when the court was about to adjourn, this exhibit was offered by the plaintiff in evidence. It was objected to by the defendants. The court reserved the ruling upon the admission of this exhibit in evidence at that time. Upon the resumption of the trial the following day the defendants' counsel stated that he withdrew his objection to Plaintiff's Exhibit E and that it could be admitted in evidence. Plaintiff's counsel at that point stated that he. had already withdrawn this exhibit from evidence. Later the court admitted this exhibit without any instructions with reference to it.

"Upon examination of the record the court finds that the plaintiff had not withdrawn this exhibit at the time counsel made that statement. However, the court asked counsel at that time if counsel was withdrawing this exhibit and counsel stated that he was.

"Now, the question arises as to when an exhibit that has been offered in evidence may be withdrawn by the offerer. The court believes this to be the correct rule, that when an exhibit is offered in evidence the offerer of the exhibit has a right to withdraw it at any time before the court has passed upon its admission.

"In this case the plaintiff asked to withdraw the exhibit before the court admitted it. I think the court should have permitted the withdrawal, even though the defendants had withdrawn objections. The court did not do that. The court admitted it in evidence after the plaintiff had requested its withdrawal.

"The court feels that the court was wrong. This exhibit, containing the statement read by the court as to how the injuries were sustained, having gone to the jury, was before the jury. Whether or not it influenced the verdict in any manner of course the court does not know; but the court does feel that the admission of this exhibit was prejudicial to the plaintiff. There is a possibility that the jury may have considered this as the cause of the plaintiff's injuries. It was improper evidence and should not have been admitted. * * *

"Feeling that the admission of this exhibit was prejudicial to the plaintiff's case with the jury, the court feels that a new trial should be granted. Therefore, the motion for a new trial is granted. Prepare an entry and give it to me today, please."

We conclude that the trial judge did not err to defendants' prejudice with respect to his finding on this ground of plaintiff's motion for a new trial.

The fifth ground of plaintiff's motion for a new trial was

"that the verdict of the jury was manifestly against the weight of the evidence."

There is nothing before us indicating that the trial judge considered this ground of plaintiff's motion for a new trial, nor acted upon it to defendants' prejudice in sustaining plaintiff's motion for a new trial.

In the sixth ground of her motion for a new trial plaintiff urges:—

"Irregularities in the proceedings of the jury by which this plaintiff was prevented from having a fair trial in this, to-wit: that the jury disregarded the testimony of witnesses and decided the issues on the statement made by Dr. F. B. Harrington in the history which was erroneously admitted into the evidence."

In support of defendants' argument with reference to the sixth ground of plaintiff's motion for a new trial defendants attached to their brief affidavits of two jurors allegedly secured by counsel for the plaintiff to support her motion for a new trial, one of which instruments was signed and the other unsigned, and both of which related to deliberation of the jury in the jury room. By brief counsel for defendants say: "The trial court ruled correctly, we are convinced, that any arguments with reference to said affidavits, or in any way applying the contents of said affidavits was improper at this time." However defendants contend these affidavits were prejudicial to them, and that the trial judge considered them in sustaining plaintiff's motion for a new trial, and thereby abused his discretion.

There is nothing before us, except statements and arguments of counsel, indicating that the contents of such affidavits were argued by, ever came to the attention of, or were considered by the trial judge in reaching his decision to sustain plaintiff's motion for a new trial. Accordingly we can not arrive at the conclusion counsel for defendant asks us to reach with reference to ground six of plaintiff's motion for a new trial.

Appellants' counsel has failed to call our attention to his unnumbered assigned ground of error "for other errors manifest from the face of the record," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

We have reviewed and carefully considered defendants' sole assignment of error, and without further word conclude that the trial judge did not err to their prejudice, nor abuse his discretion in the respects urged by them in their assigned ground of error nor brief submitted and oral argument made in support thereof.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, concurs in judgment.
GRIFFITH, J, concurs.